NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



CIRILDO OCHOA SUAREZ,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 23-257

Agency No.
A208-576-034

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2024**
Seattle, Washington

Before: WARDLAW and MILLER, Circuit Judges, and CORLEY, District
Judge.***

     Cirildo Ochoa Suarez, a native and citizen of Mexico, petitions for review of

a decision by the Board of Immigration Appeals ("BIA") denying his motion to

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*    The Honorable Jacqueline Scott Corley, United States District Judge
for the Northern District of California, sitting by designation.

reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and we deny the petition.

Ochoa contends that the BIA abused its discretion when it concluded that he failed to demonstrate materially changed country conditions and therefore failed to qualify for an exception to the 90-day deadline to file a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C). Ochoa further argues that the BIA abused its discretion when it concluded, in the alternative, that even if his motion were timely, he failed to establish prima facie eligibility for asylum, withholding of removal, or protection under the Convention Against Torture ("CAT"). *See Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021) (explaining that a motion to reopen must "demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought"). We need not reach the question whether Ochoa demonstrated materially changed country conditions, as we conclude that the BIA did not abuse its discretion in finding that Ochoa failed to demonstrate prima facie eligibility for relief.

To establish prima facie eligibility for relief, the movant "need not conclusively establish that he warrants relief." *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003). However, the movant must adduce sufficient evidence to create "a reasonable likelihood that the statutory requirements for relief have been satisfied."

*Id.* (citation omitted).

In Ochoa's original removal proceedings, the Immigration Judge ("IJ") concluded that the Knights Templar (now known as the "Familia Michoacan") targeted him solely for criminal recruitment purposes, not on account of his membership in his family or in a particular social group opposed to the criminal organization. *See Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023) (explaining the nexus requirement). Accordingly, the IJ found that Ochoa failed to demonstrate the requisite nexus for either asylum or withholding of removal, a conclusion we did not disturb in denying his prior petition for review. *See id.*; *Ochoa Suarez v. Barr*, 830 F. App'x 819, 821 (9th Cir. 2020).

Ochoa has now submitted evidence that violence by criminal organizations including the Familia Michoacan remains rampant in Mexico, and the Familia Michoacan recently murdered his "distant cousin" for "refus[ing] to be in alliance with the [criminal organization]." Although this evidence supports the dangerousness of the Familia Michoacan and organized crime in Mexico generally, it sheds little to no light on whether any risk of harm Ochoa would face upon his return to Mexico would be on account of his family ties or his opposition to the Familia Michoacan, as opposed to a non-protected ground. *See Umana-Escobar*, 69 F.4th at 551. The evidence suggests that Ochoa's cousin was murdered for the same reason that Ochoa himself was previously targeted—criminal recruitment—

not on account of the cousin's family ties or any actual or imputed political opinion. *Cf. Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) ("While Ponce's uncle was killed by gang members, the record does not contain any evidence that his uncle's membership in the Santos-Ponce family was one central reason or even a reason that the gang killed him."). Moreover, there is no suggestion that the Familia Michoacan would target Ochoa because of his relationship to his cousin. Because the limited evidence Ochoa submitted in support of his motion fails to address the agency's prior nexus finding, the BIA did not act arbitrarily, irrationally, or contrary to law by concluding that he failed to establish prima facie eligibility for asylum or withholding of removal. *See Silva*, 993 F.3d at 717–18.

Nor does the evidence Ochoa submitted in support of his motion, combined with the evidence he submitted in his prior removal proceedings, suffice to demonstrate a "reasonable likelihood" that any public official would more likely than not acquiesce in his torture upon his return to Mexico. *Ordonez*, 345 F.3d at 785; *see Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to . . . prevent crime will not suffice to show acquiescence."); *see also Ochoa Suarez*, 830 F. App'x at 821 ("In light of Petitioner's acknowledgement that the leaders of the Knights Templar have been arrested and prosecuted by authorities in Mexico, citations to reports of

generalized violence and low prosecution rates do not compel a contrary conclusion.  Because we hold that substantial evidence supports the BIA's determination that Petitioner is not eligible for CAT relief, we deny that portion of his petition as well.").  We therefore find no abuse of discretion in the BIA's conclusion that Ochoa failed to demonstrate prima facie eligibility for CAT relief.

**PETITION DENIED.**